# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Anis Avasta Construction Company | ) ASBCA No. 61107 |
| | ) |
| Under Contract No. H92237-11-C-0343 | ) |

APPEARANCE FOR THE APPELLANT:  Mr. Shujah Mowafaq
                                                CEO

APPEARANCES FOR THE GOVERNMENT:  Jeffrey P. Hildebrant, Esq.
                                                 Air Force Deputy Chief Trial Attorney
                                                 Phillip E. Reiman, Esq.
                                                 Lt Col Nathaniel H. Sears, USAF
                                                 Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE SWEET
## ON APPELLANT'S MOTION FOR RECONSIDERATION

The 19 May 2018 motion by appellant Anis Avasta Construction Company (Anis Avasta) for reconsideration of our 18 April 2018 decision is denied. Under Board Rule 20, a motion for reconsideration "shall set forth specifically the grounds relied upon to grant the motion. The motion must be filed within 30 days from the date of the receipt of a copy of the decision of the Board by the party filing the motion." "We have long held that absent specificity in the alleged grounds upon which the motion [for reconsideration] is based, a purported motion for reconsideration does not satisfy the requirements of" Rule 20. *Environmental Safety Consultants, Inc.*, ASBCA No. 54615, 07-2 BCA ¶ 33,613 at 166,457. Thus, we repeatedly have denied purported motions for reconsideration that do not specifically allege the grounds upon which the motion is based. *See, e.g., Taj Al Rajaa Co.,* ASBCA No. 58801, 14-1 BCA ¶ 35,555 at 174,229; *Southwest Marine, Inc.*, ASBCA No. 33208, 89-1 BCA ¶ 21,197 at 106,972.

Here, Anis Avasta's motion merely states that "[t]he Applicant, Anis Avasta Construction Company, submit[s] this motion for reconsideration under rule 20 of the Rule[s] of the Armed Services Board of Contract Appeals" (app. mot.). It offers no

allegations—let alone specific allegations—as to the grounds upon which the motion is based (*id.*). Therefore, the motion fails to comply with Rule 20, and as a result is denied.[*]

Dated: 29 May 2018

*James R. Sweet*
_____
JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

_____
OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

_____

[*] Nor would it be appropriate to allow Anis Avasta to file a new motion setting forth specifically the grounds relied upon to grant the motion because the 30-day deadline within which to file a proper motion has passed. While we may be willing to grant an extension of time to file a brief in support of a proper motion to reconsider, we do not grant extensions of time to file proper motions to reconsider—i.e., motions that set forth specifically the grounds relied upon to grant the motion. *Environmental Safety Consultants*, 07-2 BCA ¶ 33,613 at 166,456; *Southwest Marine*, 89-1 BCA ¶ 21,197 at 106,971-72. Here, as discussed above, Anis Avasta did not file a proper motion to reconsider. Moreover, the 30-day deadline now has passed. Therefore, it is too late to file a proper motion at this point.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61107, Appeal of Anis Avasta Construction Company, rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3